UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES BOLAND *et al.*, | : |
| Plaintiffs, | : Civil Action No.: 13-542 (RC) |
| v. | : Re Document No.: 6 |
| BUR BROS. MASONRY, INC., | : |
| Defendant. | : |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**I. INTRODUCTION**

The plaintiffs in this action are the trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF") and trustees of the International Masonry Institute ("IMI") multiemployer pension funds. The IPF also files suit on behalf of affiliated local Bricklayer funds: the Ohio Bricklayers Health & Welfare Fund and the Ohio Bricklayers Pension Fund (collectively "Local Funds"). They allege that defendant Bur Bros. Masonry, Inc. violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, by failing to contribute payments to the funds between January 2008 and February 2013. The plaintiffs seek $61,234.06 for unpaid contributions, interest, and other costs and fees.

The plaintiffs properly served their complaint on the defendants, *see* ECF Nos. 3–4, and the plaintiffs obtained an entry of default from the Clerk of the Court after the defendant failed to respond, *see* ECF No. 5. Now before the court is the plaintiffs' motion for default judgment under Federal Rule of Civil Procedure 55(b).

Although courts prefer to resolve disputes on their merits, a default judgment is appropriate when the adversarial process has been effectively halted by a party's failure to

respond. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Rule 55 sets forth a two-step process for the entry of default judgment. First, the clerk of the court must enter default. FED. R. CIV. P. 55(b)(2). After the clerk's entry of default, the plaintiff may move for a default judgment. *Id.*

When ruling on such a motion, a defendant's liability is established by its default. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). However, default does not establish the amount of damages owed. *Id.* Instead, the court must ascertain the sum to be awarded; this determination may be based on the plaintiff's affidavits. *Nat'l Shopmen Pension Fund v. Russell*, 283 F.R.D. 16, 19–20 (D.D.C. 2012).

Under 29 U.S.C. § 1132(g), plaintiffs may recover damages for the unpaid contributions, *see id.* § 1132(g)(2)(A); interest on those unpaid contributions, *id.* § 1132(g)(2)(B); an amount equal to the greater of: (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan, which must not exceed 20 percent of the unpaid contributions, *id.* § 1132(g)(2)(C); reasonable attorneys' fees and costs, *id.* § 1132(g)(2)(D); and other legal or equitable relief the court deems appropriate, *id.* § 1132(g)(2)(E).

Along with their motion, the plaintiffs have submitted an affidavit from David Stupar, an authorized representative of the funds. *See* Pls.' Mot., Ex. A. The affidavit establishes that the plaintiffs are entitled to recover: $30,067.09 in unpaid contributions to IPF, IMI and the Local Funds; $8,174.44 in interest on the unpaid contributions to IPF and IMI; $8,174.44 in interest under § 1132(g)(2)(C) to IPF and IMI; $4,094.09 in interest on the unpaid contributions to the Local Funds; $350.00 for this court's filing fee; the process server's $177.00 fee; $1,750.00 in audit fees; and, $8,447.00 in attorneys' fees under § 1132(g)(2)(D). Pls.' Mot., Ex. A., ¶¶ 10–18. The plaintiffs are therefore entitled to recover $61,234.06.

Finally, the plaintiffs seek an order directing the defendants to comply with their obligations under ERISA, which the court deems proper.

For the foregoing reasons, the court grants the plaintiffs' motion for default judgment. An order consistent with this memorandum opinion is separately issued this 23rd day of August, 2013.

                                                                          RUDOLPH CONTRERAS  
                                                                          United States District Judge